IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>POINT BLANK SOLUTIONS, INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-11255 (PJW)<br>Jointly Administered |
| Point Blank Solutions, Inc.,<br><br>Plaintiff,<br>v.<br><br>Robbins Geller Rudman & Dowd LLP (as both Escrow Agent and Co-Lead Counsel for Lead Plaintiffs); Labaton Sucharow LLP (as Co-Lead Counsel for Lead Plaintiffs); Law Offices of Thomas G. Amon (as Co-Lead Counsel in the Derivative Action); and Robbins Umeda LLP (as Co-Lead Counsel in the Derivative Action); David H. Brooks; Sandra Hatfield; Dawn M. Schlegel; Cary Chasin; Jerome Krantz; Gary Nadelman; Barry Beckman; and Larry R. Ellis,<br><br>Defendants. | Adv. Pro. No. 10-55361 (PJW) |

**MOTION OF THE LAW FIRM DEFENDANTS PURSUANT TO
FED. R. BANKR. P. 5011(c) FOR A STAY PENDING THE RESOLUTION
OF (I) MOTION OF THE LAW FIRM DEFENDANTS PURSUANT TO DEL.
BANKR. L.R. 5011-1 FOR DETERMINATION THAT THE ABOVE-CAPTIONED
ADVERSARY PROCEEDING IS A NON-CORE PROCEEDING AND (II) MOTION
OF THE LAW FIRM DEFENDANTS TO WITHDRAW THE REFERENCE
OF THE ABOVE-CAPTIONED ADVERSARY PROCEEDING**

Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), Labaton Sucharow LLP ("Labaton"), Law Offices of Thomas G. Amon ("Amon") and Robbins Umeda LLP ("Robbins Umeda") (collectively, the "Law Firm Defendants"), as defendants in the above-

---

[1] The debtors in these chapter 11 cases are: (i) Point Blank Solutions, Inc., (ii) Point Blank Body Armor, Inc., (iii) Protective Apparel Corporation of America, and (iv) PBSS, LLC (collectively, the "Debtors").

24580/2
02/17/2011 16652997.2

captioned adversary proceeding (the "Adversary Proceeding"), hereby submit this motion (the "Motion") for entry of an order, pursuant to Rule 5011(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), staying the Adversary Proceeding pending the resolution of (I) *Motion of the Law Firm Defendants Pursuant to Del. Bankr. L.R. 5011-1 for Determination that the Above-Captioned Adversary Proceeding is a Non-Core Proceeding* (the "Determination Motion") and (II) *Motion of the Law Firm Defendants to Withdraw the Reference of the Above-Captioned Adversary Proceeding* (the "Withdrawal Motion"). In support of this Motion, the Law Firm Defendants respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to Fed. R. Bankr. P. 5011(c).

## BACKGROUND

2. Commencing on September 9, 2005, fifteen putative securities class action complaints were filed in the United States District Court for the Eastern District of New York (the "EDNY District Court"). By Order dated January 31, 2006, the EDNY District Court consolidated the fifteen previously filed class action complaints,[2] appointed Robino Stortini Holdings, LLC, NECA-IBEW Pension Fund and George Baciu as lead plaintiffs (collectively, "Lead Plaintiffs"), approved the selection of Robbins Geller (or its predecessor) and Labaton as lead counsel (collectively, "Lead Counsel"), and directed Lead Plaintiffs to file a consolidated class action complaint within thirty (30) days. On March 20, 2006, the Class Action was consolidated as *In Re DHB Industries, Inc. Class Action Litigation*, No. 05-cv-4296 (JS)(ETB) and Lead Plaintiffs timely filed the consolidated class action complaint (the "Class Action Complaint")[3] against DHB (the Debtors' predecessor in interest) and certain of its then officers

---

[2] The consolidated class action proceedings are referred to herein as the "Class Action."

[3] A copy of the Class Action Complaint is attached as Exhibit A to Law Firm Defendants' Appendix of Exhibits filed simultaneously herewith (the "Appendix").

and directors and their related entities, alleging violations of Sections 10(b), 14(a) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

3. Additionally, commencing on September 14, 2005, multiple derivative actions also were filed in the EDNY District Court on behalf of DHB against certain of DHB's officers and directors. The derivative actions alleged, among other things, causes of action for breach of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets and unjust enrichment. On January 31, 2006, the EDNY District Court consolidated the multiple derivative actions as *In Re DHB Industries, Inc. Derivative Action Litigation*, No. 05-cv-4345 (JS)(ETB) (the "Derivative Action").[4] The EDNY District Court approved the appointment of Amon and Robbins Umeda as lead counsel in the Derivative Action (the collectively, "Derivative Lead Counsel"). Although named as defendants in this Adversary Proceeding, the Law Firm Defendants have not appeared as parties in interest in this Bankruptcy Proceeding (defined below), nor filed proofs of claim on their own behalf.

4. On July 12, 2006, Lead Plaintiffs and the defendants in the Class Action, as well as Alvin Viray, the plaintiff in the Derivative Action (the "Derivative Plaintiff"), and the defendants in the Derivative Action,[5] entered into a Memorandum of Understanding ("MOU"),[6] setting forth certain mutually agreed upon terms of a proposed settlement of the two Actions. On July 27, 2006, the Settling Defendants, Lead Plaintiffs, the Derivative Plaintiff and Robbins Geller, as escrow agent (the "Escrow Agent"), entered into the Escrow Agreement (the "Escrow Agreement").[7] Thereafter, on November 30, 2006, the parties to the two Actions entered into the Stipulation and Agreement of Settlement (the "Stipulation")[8] which superseded and replaced the MOU. Stipulation, ¶ 8.8.

---

[4] A copy of the complaint filed in the Derivative Action is attached as Exhibit B to the Appendix.

[5] The defendants in the Class Action and the defendants in the Derivative Action are collectively referred to herein as the "Settling Defendants."

[6] A copy of the MOU is attached as Exhibit C to the Appendix.

[7] A copy of the Escrow Agreement is attached as Exhibit D to the Appendix.

[8] A copy of the Stipulation is attached as Exhibit E to the Appendix.

5. Pursuant to the Stipulation, the parties to the two Actions agreed that: (a) the Class Action would be settled in consideration of the payment of $34,900,000 in cash, plus 3,184,713 shares of DHB common stock; and (b) the Derivative Action would be settled in consideration of $300,000 to be paid as attorneys' fees and expenses to Derivative Lead Counsel, and Point Blank's adoption of certain corporate governance policies. Stipulation, ¶¶ 2.1, 2.4, 2.12. The Stipulation states that

> 2.1 The Class cash portion of the Settlement Fund is Thirty-Four Million Nine Hundred Thousand Dollars ($34,900,000) and the Derivative cash portion of the Settlement Fund is Three Hundred Thousand Dollars ($300,000). All but Twelve Million Eight Hundred Seventy Five Thousand Dollars ($12,875,000) of the cash portion of the Settlement Fund was deposited with the Escrow Agent on July 31, 2006 and has been and will be maintained by the Escrow Agent pursuant to the terms of the Escrow Agreement.
>
> 2.2 The remaining Twelve Million, Eight Hundred Seventy Five Thousand Dollars ($12,875,000) of the cash portion of the Settlement Fund was deposited with the Escrow Agent by the Defendants' directors' and officers' liability insurers on August 14, 2006, and has been and also will be maintained by the Escrow Agent pursuant to the terms of the Escrow Agreement

Stipulation, ¶¶ 2.1, 2.2.

6. On December 15, 2006, the Stipulation was submitted to the EDNY District Court for preliminary approval in the Class Action. By Order dated July 3, 2007, the EDNY District Court preliminarily approved the Stipulation in the Class Action. On July 8, 2008, the EDNY District Court entered the Final Judgment and Order of Dismissal of Class Action with Prejudice (the "Class Action Judgment")[9] which approved the settlement embodied in the Stipulation on a final basis pending the occurrence of the effective date as defined in the Stipulation (the "Effective Date").

7. On December 15, 2006, the Stipulation was also submitted to the EDNY District Court for approval in the Derivative Action. By separate Order dated July 3, 2007, the EDNY

---

[9] A copy of the Class Action Judgment is attached as Exhibit F to the Appendix.

District Court preliminarily approved the terms of the Stipulation in the Derivative Action. On July 8, 2008, the EDNY District Court entered the Final Judgment and Order of Dismissal of Derivative Action with Prejudice (the "Derivative Action Judgment"[10] and together with the Class Action Judgment, the "Judgments"). The Derivative Action Judgment approved the settlement embodied in the Stipulation on a final basis pending the occurrence of the Effective Date.

8. Prior to and upon preliminary approval of the Stipulation, the cash portion of the Settlement Fund was placed in an escrow account (the "Escrow Account") to be disbursed in accordance with the Stipulation and the Escrow Agreement on the Effective Date. Pursuant to paragraphs 6.2, 6.3 and 6.5 of the Stipulation, $9,925,033.65 (the "Fee Award") was distributed to the Law Firm Defendants as attorneys' fees and expenses. Approximately $27,200,000 plus accrued interest is currently being held in the Escrow Account (the "Escrowed Funds").

9. On August 1, 2008, an appeal of the Class Action Judgment (the "Class Action Appeal") was filed in the United States Court of Appeals for the Second Circuit (the "Second Circuit"). The Class Action Appeal was ultimately settled and dismissed by Order dated August 4, 2009 (the "Order Dismissing the Class Action Appeal").[11]

10. On August 6, 2008, D. David Cohen, a DHB shareholder and its former general counsel, filed an appeal of the Derivative Action Judgment in the Second Circuit arguing that the proposed settlement of the Derivative Action violates section 304 of the Sarbanes Oxley Act of 2002 ("SOX") and, as a result, was not fair, reasonable and adequate from the perspective of Point Blank (the "Derivative Action Appeal").

11. On September 30, 2010, the Second Circuit issued an opinion in connection with the Derivative Action Appeal holding that the indemnification provision contained in paragraph

---

[10] A copy of the Derivative Action Judgment is attached as Exhibit G to the Appendix.
[11] A copy of the Order Dismissing the Class Action Appeal is attached as Exhibit H to the Appendix.

4.7 of the Stipulation (the "SOX Indemnification Provision") violates SOX § 304 and remanded the matter to the EDNY District Court (the "Second Circuit Opinion").[12]

12. David H. Brooks and Dawn M. Schlegel, the only beneficiaries of the SOX Indemnification Provision, have both submitted papers to the EDNY District Court stipulating that they will proceed with the Stipulation without the SOX Indemnification Provision. *See Class Action Plaintiffs' Response to the Status Report of Defendant Point Blank Solutions Inc., f/k/a DHB Industries, Inc., re: Bankruptcy Proceedings and September 30, 2010 Second Circuit Opinion and In Response to Defendant David H. Brooks' Response to "Status Report"* ("Lead Plaintiffs' Response to Status Report").[13]

13. On April 14, 2010 (the "Petition Date"), the Debtors filed voluntary petitions (the "Bankruptcy Proceeding") for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

14. On September 17, 2010 Debtor Point Blank Solutions, Inc. ("Point Blank") filed its *Motion for Order Under 11 U.S.C. § 365(a) Authorizing Rejection of Class and Derivative Action Settlement Agreement* (the "Rejection Motion") [Bankr. Docket No. 589]. On October 6, 2010, the Debtor filed the *Supplement to Debtor Point Blank Solutions Inc.'s Motion for Order Under 11 U.S.C. § 365(a) Authorizing Rejection of Class and Derivative Action Settlement Agreement* [Bankr. Docket No. 655]. On October 28, 2010, Lead Plaintiffs filed an objection to the Rejection Motion [Bankr. Docket No. 721]. On December 15, 2010, the Court granted the Rejection Motion and on December 22, 2010 entered the *Order Granting Debtor Point Blank Solutions Inc.'s Motion for Order Under 11 U.S.C. § 365(a) Authorizing Rejection of Class and Derivative Action Settlement Agreement* (the "Order Approving the Rejection Motion") [Bankr. Docket No. 949]. On December 30, 2010, Lead Plaintiffs filed a Notice of Appeal of the Order Approving the Rejection Motion [Bankr. Docket No. 979]. On February 3, 2011, Lead

---

[12] A copy of the Second Circuit Opinion is attached as Exhibit I to the Appendix.

[13] A copy of Lead Plaintiffs' Response to Status Report is attached as Exhibit J to the Appendix.

Plaintiffs' appeal was docketed with the United States District Court for the District of Delaware, Case No. 11-cv-00104 (SLR).

15. On or about November 16, 2010, Point Blank commenced the Adversary Proceeding by filing a Complaint for Turnover of Property of the Estate (the "Complaint") [Docket No. 1] against the Law Firm Defendants seeking the turnover of the Escrowed Funds and the Fee Award pursuant to sections 541 and 542 of the Bankruptcy Code.

16. On or about January 4, 2011, Point Blank filed a First Amended Complaint for Declaratory Relief and Turnover of Property of the Estate (the "Amended Complaint") [Docket No. 8] against the Law Firm Defendants, as well as eight new defendants – David H. Brooks, Sandra Hatfield, Dawn M. Schlegel, Cary Chasin, Jerome Krantz, Gary Nadelman, Barry Berkman, and Larry R. Ellis (the "Former Officers and Directors"). By the Amended Complaint, Point Blank seeks (i) a declaratory judgment pursuant to 28 U.S.C. § 2201 declaring that the Escrowed Funds and the Fee Award, plus interest thereon, are property of Point Blank's bankruptcy estate and (ii) the turnover of the Escrowed Funds and the Fee Award pursuant to sections 541 and 542 of the Bankruptcy Code.

17. Simultaneously herewith, the Law Firm Defendants filed the *Motion of Defendants Robbins Geller Rudman & Dowd LLP, Labaton Sucharow LLP, Law Offices of Thomas G. Amon and Robbins Umeda LLP to Dismiss Amended Adversary Complaint* (the "Motion to Dismiss"), the Determination Motion and the Withdrawal Motion.

### RELIEF REQUESTED

18. By this Motion, the Law Firm Defendants seek the entry of an order, pursuant to Bankruptcy Rule 5011(c), staying the Adversary Proceeding pending the resolution of the Determination Motion and the Withdrawal Motion.

### BASIS FOR RELIEF

19. Bankruptcy Rule 5011(c) provides that "[t]he filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. § 1334(c) shall not stay the

administration of the case or any proceeding therein before the bankruptcy judge *except that the bankruptcy judge may stay*, on such terms and conditions as are proper, proceedings pending disposition of the motion." Fed. R. Bankr. P. 5011(c) (emphasis added). *See also Miller v. Vigilant Ins. Co. (In re Eagle Enterprises, Inc.)*, 259 B.R. 83, 86 (Bankr. E.D. Pa. 2001) ("Bankruptcy Rule 5011(c) provides explicitly that proceedings are not stayed when a motion to withdraw the reference is filed unless the court so orders.").

20. A motion made pursuant to Bankruptcy Rule 5011(c) requires the moving party to show: (a) the likelihood of prevailing on the merits; (b) that it will suffer irreparable harm if the stay is denied; (c) that the other party will not be substantially harmed by the stay; and (d) that the public interest will be served by granting the stay. *See Nw. Inst. of Psychiatry, Inc. v. Travelers Indem. Co. (In re Nw. Inst. of Psychiatry)*, 268 B.R. 79, 83 (Bankr. E.D. Pa. 2001); *Miller v. Vigilant Ins. Co. (In re Eagle Enters.)*, 259 B.R. 83, 86 (Bankr. E.D. Pa. 2001).

21. As set forth in the Determination Motion, resolution of the issues raised by the Adversary Proceeding mandates the consideration and application of New York law, as well as the meaning, construction and interpretation of certain agreements that were negotiated, submitted and considered in connection with the Class Action and Derivative Action before the EDNY District Court. The agreements are and remain subject to the jurisdiction of the EDNY District Court. *See* Escrow Agreement, ¶ 4(c), ¶ 9(f); Stipulation, ¶¶ 2.3, 2.8, 8.13, 8.14. Furthermore, because the property sought to be turned over is in dispute, the Adversary Proceeding is not a true turnover proceeding under section 542 of the Bankruptcy Code. Thus, the Adversary Proceeding is not a "core" proceeding because it does not "have as its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment." *Hatzel & Buehler, Inc. v. Orange & Rockland Utils., Inc.*, 107 B.R. 34, 40 (D. Del. 1989). Clearly, the declaratory judgment request in the Amended Complaint pursuant to 28 U.S.C. § 2201 is totally independent of a bankruptcy environment.

22. Moreover, as set forth in the Withdrawal Motion, because the Adversary Proceeding and the Class Action (which is pending in the EDNY District Court) are so

inextricably intertwined, the disposition of both should be determined by one court to ensure consistency and foster judicial economy. Indeed, as argued by the Law Firm Defendants in the Motion to Dismiss, this Adversary Proceeding is premature and not ripe because the Stipulation has not been terminated and the events which will trigger any obligation of the Escrow Agent to return any of the Escrowed Funds have not occurred and must be determined by the EDNY District Court. Thus, the Adversary Proceeding should be heard by the same court in which the Class Action is adjudicated in order to prevent inconsistent results and thereby avoid prejudicing all interested parties. Accordingly, Lead Plaintiffs are likely to prevail on the merits of both the Determination Motion and the Withdrawal Motion.

23. The Law Firm Defendants will also be harmed if the Adversary Proceeding is permitted to proceed before the Determination Motion and Withdrawal Motion are decided because the Law Firm Defendants will be required to expend fees and costs associated with the continuation of the Adversary Proceeding, including potentially costly discovery. Clearly, any resulting discovery disputes should be conducted by the Court ultimately exercising jurisdiction over issues relating to the status of the Stipulation and Escrow Agreement which were reserved for the EDNY District Court. In fact, paragraph 2.8 of the Stipulation expressly provides that "[a]ll funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the [EDNY District] Court, and shall remain subject to the jurisdiction of the [EDNY District] Court." Further, as noted above, Lead Plaintiffs appealed the Order Approving the Rejection Motion, which appeal is currently pending before the United States District Court for the District of Delaware. Accordingly, none of the issues raised in this Adversary Proceeding will be finally resolved in any event until that appeal is adjudicated.

24. On the other hand, Point Blank would sustain minimal harm if the Adversary Proceeding were stayed because the Adversary Proceeding is in its infancy and Point Blank has not yet expended any time or resources conducting discovery or prosecuting the Adversary Proceeding before this Court. Rather, a stay of this Adversary Proceeding will likely benefit

Point Blank in that it will prevent Point Blank from wasting valuable resources and duplicating efforts if the Adversary Proceeding is ultimately transferred to the EDNY District Court.

25. For all of the foregoing reasons, the Law Firm Defendants respectfully submit that cause exists to stay the Adversary Proceeding pending the resolution of the Determination Motion and the Withdrawal Motion.

**WHEREFORE**, the Law Firm Defendants respectfully request entry of an Order (i) staying the Adversary Proceeding, pursuant to Bankruptcy Rule 5011(c), pending the resolution of the Determination Motion and the Withdrawal Motion and (ii) granting Defendants such other and further relief as is just and proper.

Dated: February 17, 2011

**CROSS & SIMON LLC**

_____
Christopher P. Simon (DE Bar No. 3697)
Kevin S. Mann, Esq. (DE Bar No. 4576)
P.O. Box 1380
913 North Market Street, 11th Floor
Wilmington, Delaware 19899-1380
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
kmann@crosslaw.com

– and –

**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq. (ME 0570)
65 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2481

*Bankruptcy Counsel to the Law Firm Defendants*

– and –

**ROBBINS GELLER RUDMAN & DOWD LLP**
Samuel H. Rudman, Esq.
58 South River Road, Suite 200
Melville, New York 11747
Telephone: (631) 367-7100
Facsimile: (631) 367-1173

*Defendant, Pro Se*

– and –

**LABATON SUCHAROW, LLP**
Ira A. Schochet, Esq.
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Defendant, Pro Se*

– and –

**LAW OFFICES OF THOMAS G. AMON**
Thomas G. Amon, Esq.
250 West 57th Street, Suite 1316
New York, New York 10107
Telephone: (212) 810-2430
Facsimile: (212) 810-2427

*Defendant, Pro Se*

– and –

**ROBBINS UMEDA LLP**
Brian J. Robbins, Esq.
600 B. Street, Suite 1900
San Diego, California 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

*Defendant, Pro Se*